UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL KNOBBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV322 CDP |
| | ) |
| ARTCO CASKET COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Defendant Artco Casket Company, Inc. moves to dismiss the claims of its former employee Michael Knobbe. Knobbe alleges that he was sexually harassed by his supervisor leading to his constructive discharge in 2009. Knobbe brings claims against Artco under Title VII of the Civil Rights Act of 1964 and for intentional infliction of emotional distress. Artco argues that Knobbe's complaint fails to state a claim and that Missouri's workers' compensation statute preempts Knobbe's claim for emotional distress. Because I conclude that the complaint states a plausible claim under Title VII and because the emotional distress claim arguably can be construed as being brought under Title VII, I will deny the motion.

## **Allegations**

Knobbe began working for Artco Casket Company as a service representative in Artco's warehouse in 1993. Knobbe's complaint focuses on the actions of the person who became Knobbe's direct supervisor in June of 2008.

Knobbe claims that this supervisor "turned everything into a sexual innuendo and made numerous unwanted comments of a sexual nature to [Knobbe]." The supervisor suggestively referred to another employee as a "pretty boy," asked Knobbe to accompany him to the restroom to hold his penis, held Knobbe's hand while asking him to "fill his crack in," and directed numerous other sexually oriented comments at Knobbe.

Knobbe informed his manager of his supervisor's behavior in October of 2008 and requested that the manager intervene. The manager took no action and Knobbe's supervisor continued to make sexual comments to Knobbe. Knobbe resigned approximately two months later, in January of 2009.

### Analysis

Artco seeks to dismiss Knobbe's complaint for failure to state a claim. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain enough factual details to state a plausible claim for relief. *Id.* at 570; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible if it allows a reviewing court "to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Only factual allegations, not legal conclusions, must be accepted as true. *Id.* at 1950; *Twombly*, 550 U.S. at 555.

### A. Same-Sex Harassment

In order to avoid dismissal, Knobbe's complaint must state a plausible claim under Title VII. Title VII prohibits discrimination based on sex. 42 U.S.C. § 2000e-2(a)(1). Sexual harassment violates Title VII "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations and quotations omitted). The Eighth Circuit has stated that:

> [t]o state a claim for sexual discrimination based on a hostile work environment under Title VII, a plaintiff must show: (1) he belongs to a protected group; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) his employer knew or should have known of the harassment and failed to take proper remedial action.

*McCown v. St. John's Health System*, 349 F.3d 540, 542-43 (8th Cir. 2003). Artco only disputes the third and fourth elements of this test.

First, Artco claims that Knobbe's complaint does not allege that he was harassed based on his sex. "The based on sex requirement forces a plaintiff to

prove that []he was the target of harassment because of h[is] sex and that the offensive behavior was not merely non-actionable, vulgar behavior." *Pedroza v. Cintas Corp. No. 2*, 397 F.3d 1063 (8th Cir. 2005). Title VII prohibits same-sex harassment if "a plaintiff can show that the conduct was motivated by sexual desire."[1] *McCown*, 349 F.3d at 543 (citing *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80-81 (1998)).

In this case, the supervisor's statements alleged in Knobbe's complaint support a plausible inference that the supervisor was motivated by sexual desire. Knobbe's supervisor asked Knobbe to hold his genitals and held Knobbe's hand while making a comment that could be construed as soliciting homosexual sex. Although plaintiff may not ultimately be able to prove that his supervisor was more likely than not motivated by sexual desire, the supervisor's unsolicited request that Knobbe "fill his crack in," or otherwise engage in homosexual sex is sufficiently suggestive of sexual desire to support a plausible claim of harassment.

Second, Artco also argues that Knobbe's complaint does not allege that the harassment affected the terms of Knobbe's employment. Workplace harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's

---

[1] Title VII also prohibits same-sex harassment if "a plaintiff can show that the harasser was motivated by a general hostility to the presence of the same gender in the workplace" or based on "direct comparative evidence about how the harasser treated both males and females in a mixed-sex workplace." *McCown,* 349 F.3d at 543.

employment and create an abusive working environment." *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, 1195 (8th Cir. 2006) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).

It appears that Knobbe was the subject of sexual comments throughout his sixteen year employment with Artco. However, after the alleged harasser was promoted to become Knobbe's supervisor in 2008, Knobbe's work environment became significantly more hostile and Knobbe cites several instances of harassment during this period. Within four months of the supervisor's promotion, Knobbe complained to his manager. Within six months, Knobbe had resigned. It is plausible that harassment that is severe enough to force an employee to leave his job of sixteen years within six months of his allegedly abusive supervisor's promotion is sufficiently pervasive to affect the terms or conditions of his employment.

### B.     Preemption of Knobbe's Claims for Emotional Distress

Artco also argues that the Missouri workers' compensation statute preempts Knobbe's claim for emotional distress because Knobbe's claim is brought under a common law tort theory. The Missouri workers' compensation statute bars common law claims for emotional distress, but it does not bar claims for emotional distress brought under Title VII. *See Karcher v. Emerson Elec. Co.*, 94 F.3d 502,

509 (8th Cir. 1996). Knobbe argues that his claim for emotional distress arises under Title VII because it incorporated by reference the Title VII claim.

Knobbe's complaint consists of two counts. In Count I, Knobbe alleges a hostile work environment under Title VII. Paragraph 23 of Count I explicitly cites Title VII and alleges that defendant's conduct violates the statute. In Count II, Knobbe claims that Artco "intended to cause emotional distress in the Plaintiff" and seeks punitive damages. Paragraph 29 of Count II explicitly incorporates all previous allegations, including paragraph 23 – the paragraph asserting Knobbe's claim under Title VII. Although ambiguously pled, plaintiff's argument is sufficient to save Count II from dismissal at this time. Because Knobbe's claim for emotional distress is not preempted by Missouri's workers' compensation statute to the extent it is asserted under Title VII, I will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#4] is DENIED.

This case will be set for a Rule 16 conference by a separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2010.